CABASSA, PLAINTIFF AND APPELLANT, *v.* BRAVO, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Mayagüez in an Action of Unlawful Detainer.

No. 1112.—Decided August 1, 1914.

UNLAWFUL DETAINER—OWNERSHIP—PARTIES—ESTOPPEL.—In an action of unlawful detainer questions relative to the ownership of the property in litigation cannot be considered, nor whether the defendant is barred by the doctrine of estoppel from alleging his title to the property, nor whether the plaintiff or the defendant was really an interested party to an instrument executed previously and on which the estoppel alleged against the defendant is based.

The facts are stated in the opinion.

*Mr. Francisco Parra Capó* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an action in unlawful detainer. The complainant in the court below alleged that he was the owner of a sub-

urban lot of about two acres on which there was a raised house (*semialta*), and that the defendant held the same as a tenant at will (*en precario*) without paying anything therefor, and he refused to surrender possession of the same on demand.

The defendant in his answer admitted that the complainant is the owner of the lot in question, but he specifically denied that the house erected on said lot was the property of the complainant, but that on the contrary the house was built with the defendant's own money, and the answer contained other averments to the same effect.

There was some conflict in the proof over the source of the money for the building of the house, but the court below resolved that question in favor of the defendant.

The complainant and appellant, however, principally relies on an estoppel. The estoppel alleged arises out of a deed wherein the complainant acting as attorney in fact for his wife conveyed the lot on which the house is built to his daughter, the wife of the defendant. The close relationship of the parties is one of the causes of the lack of clearness in the evidence. The deed in question contained the following statement: "For the sake of clearness it should be noted that on the land hereby sold there stands a raised wooden house which belongs to Leopoldo Cabassa (the complainant), which house does not enter into this sale." The deed also recites that Rosaura Cabassa y Hernández (the daughter), jointly with (*asistida*) her husband, Alfredo Bravo, (the defendant) purchased the property of Leopoldo Cabassa (the complainant) acting as attorney in fact for his wife.

The same property was subsequently conveyed by the daughter and her husband to her father, Leopoldo Cabassa. The second deed does not appear to have contained a similar recital as the first. The first deed also contained a statement that the purchase price of $300 was the marriage gift presented by the father to his daughter.

The appellant alleges that the original deed under those circumstances acts as an estoppel, and he relies on section

100 and part of section 101 of the Law of Evidence, as follows:

"Section 100.—A presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect; but unless so controverted, the judge or jury are bound to find according to the presumption.

"Section 101.—\* \* \*.

"2. The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration."

The court in its opinion held that these sections could not prevail because Leopoldo Cabassa was not an interested party in the original deed, as he appeared only as attorney in fact for his wife. There was proof at the trial tending to show that the appellant furnished all the data to the notary; also there was a statement or admission by the defendant that he agreed with his father-in-law to let the recital go in the original deed because he, the defendant, was embarrassed by creditors.

From the foregoing recital it is evident that what is really involved in this case are questions of title, namely, who is the owner of the house, and whether the defendant and respondent was estopped from asserting a title and, incidentally, whether either the complainant or defendant was properly a party to the deed in question. Hence, in accordance with the jurisprudence established by this court, an action of unlawful detainer was not the proper remedy. *Torres* v. *Pérez,* 18 P. R. R., 557. The judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.